UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| FOGARTY STREET, LTD. | ) |
| and BLANCHE LINN, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) CAUSE NO. 3:12-CV-412 RLM |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEM; | ) |
| HOME 123 CORPORATION; | ) |
| COUNTRY WIDE HOME LOANS, INC.; | ) |
| BAC HOME LOANS SERVICING, LP; | ) |
| UNKNOWN DEFENDANTS, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the motion of Bank of America, N.A.[1] and Mortgage Electronic Registration System, Inc. to dismiss the plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiffs have responded to the dismissal motion, and the defendants replied. For the reasons set forth below, the court grants the defendants' motion.

---

[1] Bank of American, N.A. reports that it is "the successor by merger to BAC Home Loans Servicing, L.P. [], formerly known as Countrywide Home Loan Servicing, L.P., erroneously named as BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans." Defts. Br., at n.1; *see also* Deft. Exh. E.

Background

Blanche Linn obtained a mortgage loan from Home 123 Corporation in April 2006 on a parcel of land in Michigan City, Indiana, commonly known as 204 Fogarty Street; Mortgage Electronic Registration System, Inc. ("MERS") was named as the mortgagee on the loan. In March 2007, MERS assigned its interest in Ms. Linn's mortgage to Countrywide Home Loans Servicing, LP ("Countrywide"). The next month, Ms. Linn signed a quit claim deed transferring her interest in the property to Fogarty Street, Ltd., but she remained the mortgagor on the loan.

In June 2009, Countrywide executed a second assignment of the mortgage to BAC Home Loans Servicing, LP ("BAC"), and when Ms. Linn fell behind on her mortgage payments, BAC initiated a foreclosure action in the LaPorte County Circuit Court. A default judgment was entered against Ms. Linn in the foreclosure action on February 16, 2010, granting BAC a first priority lien against the Fogarty Street property and ordering the county sheriff to sell the property to satisfy the amounts due and owing to BAC. In March 2012, Ms. Linn and Fogarty Street, Ltd. filed a motion in the LaPorte County action seeking relief from the default judgment; the judge denied their motion on April 3, 2012. Some time after that, BAC was merged into BANA, and BANA became the successor in interest to the Fogarty Street property.

In June 2012, Ms. Linn and Fogarty Street, Ltd. filed their Complaint to Quiet Title in the LaPorte Circuit Court alleging that they are the owners of the Fogarty Street property [Compl., ¶ 9]. They claim that as the "true record title

2

owners to the property and the legal and equitable owners thereof in fee simple, [they] are entitled to have their titles to the real property quieted and confirmed by the court." Compl., ¶ 14. According to Ms. Linn and Fogarty Street, Ltd., numerous instances of fraud occurred in connection with the various assignments of the mortgage loan and also during the foreclosure proceedings [Compl., ¶ 15], and because the defendants might claim an interest in the property, a "cloud [of] suspicion" on the title exists [Compl., ¶ 13]. They ask that the court (i) grant a decree declaring them to be the owners in fee simple of the Fogarty Street property, (ii) declare any "supposed claims, rights, title, interest, liens and estates" of the defendants to be null and void and canceled, and (iii) enter an injunction "perpetually enjoining and restraining" the defendants from "in any way asserting any title, right or interest in the lands herein involved adverse to [Ms. Linn and Fogarty Street, Ltd.] and their successors." Compl., p. 9.

Bank of America, N.A. ("BANA") removed the action to this court and, together with co-defendant MERS, has moved to dismiss the plaintiffs' complaint.

Discussion

BANA and MERS say the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Rooker-Feldman doctrine[2] deprives the court of subject matter jurisdiction over the claims of the complaint. BANA and

---

[2] *See generally* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

MERS argue in the alternative that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(1) is appropriate, so no analysis of the motion under Rule 12(b)(6) is necessary.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. The court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007). A federal court must assure itself that it possesses jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. *See* Warth v. Seldin, 422 U.S. 490, 498 (1975) ("[T]he threshold question in every federal case [is] determining the power of the court to entertain the suit."); Apex Digital, Inc. v. Sears Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009) ("[A]t issue in a [Rule] 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case."). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum, L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits of the case if it concludes there is no jurisdiction.

4

Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004) ("[C]ourts cannot decide any controversy over which they lack subject-matter jurisdiction.").

BANA and MERS say the complaint's allegations are, in reality, challenges to the state court foreclosure action, so Rooker-Feldman bars plaintiffs' claims. The Rooker-Feldman doctrine is a rule of federal jurisdiction that "deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment." Johnson v. Orr, 551 F.3d 564, 568 (7th Cir. 2008). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2000); *see also* Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 645 (7th Cir. 2011) (Rooker-Feldman "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction.").

"Rooker-Feldman bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012). In other words, Rooker-Feldman applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with

state court determinations." Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). If the court determines "that a claim is inextricably intertwined, [the court] must then inquire whether the plaintiff did or did not have a reasonable opportunity to raise the issue in state court proceedings. If the plaintiff could have raised the issue in state court, the claim is barred under Rooker–Feldman." Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012) (internal quotation and citation omitted).

Ms. Linn and Fogarty Street, Ltd. haven't addressed the Rooker-Feldman doctrine's applicability to their claims or the dismissal of their claims under Rule 12(b)(1). Instead, they set forth the paragraphs of their complaint that they say contain facts sufficient to state a claim for relief and avoid dismissal under Federal Rule of Civil Procedure 12(b)(6). Their recitation of those allegations, without more, doesn't satisfy their burden of demonstrating jurisdiction in this case. *See* Sprint Spectrum v. City of Carmel, IN, 361 F.3d 998, 1001 (7th Cir. 2004) ("It is Sprint's responsibility to clearly allege facts that invoke federal court jurisdiction."); National Rifle Ass'n of America, Inc. v. City of Evanston, No. 08 C 3693, 2009 WL 1139130, at *2 (N.D. Ill. Apr. 27, 2009) (A plaintiff "faced with a properly supported [Rule] 12(b)(1) motion to dismiss bears the burden of proving that the jurisdictional requirements have been met.").

Most of the allegations set forth by Ms. Linn and Fogarty Street, Ltd. relate to the mortgage loan on the Fogarty Street property. The actions of which they complain – assignments of the loan and fraud in the foreclosure proceedings – and

6

the remedy they seek – quiet title to the foreclosed property – all relate to the foreclosure action and the allegedly improper relief granted by the state court. Ms. Linn and Fogarty Street, Ltd. haven't identified any injury separate from the foreclosure judgment; in fact, their prayer for relief is to retain possession and regain title to the foreclosed property.

Ms. Linn and Fogarty Street, Ltd. haven't alleged or argued that they had no reasonable opportunity to raise their claims in the foreclosure action, *i.e.*, they haven't pointed to a factor "independent of the actions of the opposing party that precluded [them] from raising their [] claims during the state court proceedings," such as some action taken by the state court or state court procedures that formed barriers they were "incapable of overcoming in order to present [their] claims to the state court." Taylor v. Federal Nat'l Mortgage Ass'n, 374 F.3d 529, 534 (7th Cir. 2004) (*quoting* Long v. Shorebank Dev. Corp., 182 F.3d 548, 557 (7th Cir. 1999)). The defendants' unrebutted evidence shows that the assignments of the mortgage loan took place in 2007, *see* Deft. Exh. C (MERS to Countrywide), and in 2009, *see* Deft. Exh. D (Countrywide to BAC), before the February 16, 2010 entry of judgment in the foreclosure proceedings. Ms. Linn and Fogarty Street, Ltd. haven't carried their burden of demonstrating that they didn't have a reasonable opportunity to present their claims in the state court action to challenge the foreclosure judgment.

The plaintiffs' claims of "[f]raud based robo-signing, voidable transfers of mortgage notes based on lack of authority, and lack of authority due to a lender

7

no longer being business," Resp., ¶ 18, could and should have been raised in the state court foreclosure proceedings. Resolution of those claims would require this court to review the state court's granting of the foreclosure judgment on the property at issue. Because Rooker-Feldman applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations," Kelley v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008), the claims asserted by Ms. Linn and Fogarty Street, Ltd. are barred under Rooker-Feldman, and this court lacks jurisdiction to entertain those claims.

## Conclusion

Based on the foregoing, the court GRANTS the motion of defendants Bank of America, N.A. and Mortgage Electronic Registration System, Inc. to dismiss the plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction [docket # 5] and REMANDS the complaint to the LaPorte Circuit Court with respect to the plaintiffs' remaining claims against defendant Home 123 Corporation.

SO ORDERED.

ENTERED:  November 14, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court